50 F.3d 18
 75 A.F.T.R.2d 95-1521
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNIVERSAL LIFE CHURCH, INC., Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70716.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided March 1, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Universal Life Church, Inc., (ULC) appeals a Tax Court decision on the amount of back taxes that the ULC owes to the Internal Revenue Service (IRS) for 1977-1980, and seeks attorneys fees and sanctions against the IRS. The IRS revoked the ULC's tax-exempt status in 1984. Although the ULC initially contested the IRS's calculation of owed back taxes in the Tax Court, the ULC and the IRS eventually filed with the Tax Court a stipulated settlement of the amount of owed taxes. On appeal, the ULC contends that the decision of the Tax Court subsequent to the stipulation should be vacated because it omits certain conditions contained in the stipulation. We have jurisdiction under 26 U.S.C. Sec. 7482. We affirm and we deny the ULC's request for attorneys fees and sanctions as moot.
 
 BACKGROUND
 
 3
 While the ULC was contesting the amount of back taxes, it filed for bankruptcy. However, the Bankruptcy Court granted the IRS's motion for relief from an automatic stay to allow the Tax Court case to proceed, provided that no resulting judgment would be enforced without an order of the Bankruptcy Court. On June 19, 1990, the ULC and the IRS entered into an agreement stipulating to the amount of the ULC's tax deficiencies for 1978-1980, and to the period for which interest was due. The stipulation was subject to several conditions, including approval by the Bankruptcy Court and the parties' filing in the Tax Court a decision document that was consistent with the stipulation, within 60 days of a final order affirming the lifting of the automatic stay.
 
 
 4
 After the order lifting the stay became final on June 3, 1992, both the IRS and the ULC submitted to the Tax Court different motions to enter a decision incorporating the terms of the stipulation. After a hearing, the Tax Court granted the IRS's motion, denied the ULC's motion, and entered a decision against the ULC based upon the IRS's motion.
 
 DISCUSSION
 
 5
 We review tax court conclusions of law de novo. Collins v. Comm'r, 857 F.2d 1383 (9th Cir.1988). The ULC contends that the Tax Court violated Rule 91(e) of the Tax Court Rules of Practice and Procedure, which states that the Court "will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, except that it may do so when justice requires." Tax Ct.R. 91(e).
 
 
 6
 The stipulation and Tax Court's decision contain identical figures for the back taxes owed by the ULC. However, none of the conditions in the stipulation appears in the decision. The ULC complains of two omissions from the Tax Court's decision: the interest provisions and the requirement of Bankruptcy Court approval. The ULC contends that these omissions constitute an impermissible modification of the stipulation. We disagree.
 
 
 7
 A Tax Court decision is not required to restate all the terms in a stipulation. In addition, the stipulation signed by the IRS and the ULC requires only that the parties will file a decision document with the Tax Court that is "consistent with" the stipulation. The stipulation required Bankruptcy Court approval of the stipulation, not of the Tax Court order. Approval of the order would eventually have to be obtained in any event, because the Bankruptcy Court retained authority to enforce any judgment arising from the Tax Court proceedings. (We also note that the ULC had ample time to seek Bankruptcy Court approval of the stipulation prior to entry of the Tax Court's decision, and failed to do so.)
 
 
 8
 Thus, the Tax Court's order was not inconsistent with the stipulation in any way. Because we conclude that the Tax Court did not err in entering the order, the ULC's request for attorneys fees and sanctions is moot.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3